UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Jawon D. Jones, | ) |
| | ) |
| Plaintiff, | ) Case: 2:23-cv-02053 |
| | ) |
| v. | ) |
| | ) |
| Flex-N-Gate, Inc., and Express Services, Inc., | ) |
| | ) |
| | ) **Jury Trial Demanded** |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Jawon D. Jones ("Plaintiff") in support of his Complaint against Flex-N-Gate, Inc., and Express Services, Inc. (collectively "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants' race-based and color-based harassment and discrimination of Plaintiff and for terminating Plaintiff's employment in retaliation for engaging in protecting activity in violation of Section 1981 and Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Urbana Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b)  insofar as Defendants

operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on the basis of race, color, harassment and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff Jawon D. Jones, resides in Champaign County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant Flex-N-Gate, Inc., is a corporation doing business in and for Champaign County whose address is 1306 E. University, Urbana, IL 61802.

9. At all times material to the allegations in this Complaint, Defendant Express Services, Inc., is a corporation doing business in and for Champaign County whose address is 1001 N. Mattis Avenue, Champaign, IL 61821.

10. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendants have had at least fifteen

2

employees, have been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

12. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Plaintiff received a Notice of Right to Sue from the EEOC, and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## BACKGROUND FACTS

13. Plaintiff was hired by Defendant Express Services, Inc., to work at Defendant Flex-N-Gate, Inc., as a Paint Line Worker on or around May 1, 2022 until he was unlawfully terminated on the basis of his race (African-American) and his skin color (black), and in retaliation for reporting harassment on September 1, 2022.

14. Plaintiff is member of a protected class because of his race and color.

15. Since the beginning of the Plaintiff's employment, Defendants have subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has subjected Plaintiff to a hostile work environment because of race and color.

16. Defendants subjected the Plaintiff to offensive, degrading and humiliating comments by co-workers that referenced Plaintiff's race.

17. The environment of discrimination and humiliation pervaded the entire company.

18. Defendants' reason for terminating the Plaintiff was pre-text; Defendants unlawfully terminated the Plaintiff because of his race and for engaging in protected activity.

19. Because of the Defendants' action, the Plaintiff suffered the tangible consequence of losing his job.

20. Defendants' performance expectations of Plaintiff were met or exceed during the entire duration Plaintiff's employment.

21. Plaintiff suffered multiple adverse employment actions including, including but not limited to termination of employment.

22. Plaintiff can show that he engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to his managers.

23. Defendants subjected the Plaintiff to different terms and conditions of employment than others not within Plaintiff's protective class because of his race.

24. The Defendants subjected the Plaintiff to discrimination and on September 1, 2022, the Plaintiff was unlawfully terminated and retaliated against because of his race (African-American) and skin color (Black) and for complaining of race-based harassment and discrimination.

25. In or around August 22, 2022 the Plaintiff was training a new employee Jeremy (African American).

26. Jeremy began threatening the Plaintiff and calling the Plaintiff racial slurs.

27. Jeremy stated to the Plaintiff, "N***r you're not going to tell me what the fuck to do, I'll beat your ass N***r, I fuck you up".

28. The Plaintiff immediately approached the Plant Manager, Justin (Caucasian), to file a report.

29. Justin just responded by stating "okay" and shook his head; he did not address the threats from Jeremy or the harassment the Plaintiff was experiencing.

30. Despite the threats, racial epitaphs and harassment, the Defendants continued to place Jeremey and the Plaintiff to work together.

31.     On or around August 26, 2022, the Plaintiff was working with Jeremy, he stated to the Plaintiff "bitch ass N***r can't speak, I'll shoot you".

32.     Multiple people working on the line witnessed this threat of violence.

33.     On or around September 1, 2022, Jeremy again made verbal and discriminatory threats toward the Plaintiff.

34.     Jeremy said to the Plaintiff "Bitch ass N***r I'll kill you, bitch ass N***r I'll fuck you up", he also threatened to hit the Plaintiff's car.

35.     The Plaintiff notified his Direct Manager, Mark Russell (Caucasian). Mr. Russell said he would "see what I could do", and he then terminated the Plaintiff for engaging in protected activity.

36.     The Defendants have discriminated against the Plaintiff because of his race, African-American, his skin color, black, and subjected the Plaintiff to retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
### Race-Based Discrimination in Violation of 42 U.S.C. Section 1981

37.     Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

38.     Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

39.     Defendants' conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

40. Plaintiff was subjected to and harmed by Defendants' systemic and individual discrimination.

41. Defendants' unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

42. Plaintiff demands this count be tried by a jury.

## COUNT II
### Color-Based Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

43. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

44. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on his race and color, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

45. Defendants' conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

46. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

47. By reason of Defendants' discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

48. Plaintiff demands that this count be tried by a jury.

## COUNT III
### Race-Based Harassment in Violation of
### Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

49. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and harassed the Plaintiff on the basis of his race, African-American, and color, black, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

51. Defendants knew or should have known of the harassment.

52. The race harassment was severe or pervasive.

53. The race harassment was offensive subjectively and objectively.

54. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to his race and his color.

55. Defendants acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the harassment and discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
**Retaliation in Violation of 42 U.S.C. §2000e, *et seq*.**

56. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

57. By virtue of the foregoing, Defendants retaliated against Plaintiff based on their reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

58. Defendants' retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

59. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation,

and degradation.

60. By reason of Defendants's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

61. Plaintiff demands that this count be tried by a jury.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 13th day of March, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*